JEFFREY S. YOUNG, SB# 172016
LAW OFFICE OF JEFFREY S. YOUNG
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
Tel: (805) 884-0338
Fax: (805) 884-0799

Attorney for Plaintiff
GREG YOUNG PUBLISHING, INC.

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SIMON LEVELL, an individual, doing business as MADISON AVENUE FURNITURE INTERNATIONAL, MADISON AVENUE FURNITURE, MADISON AVENUE HOME ACCENTS INTERNATIONAL, and MADISON AVENUE FURNITURE AND HOME ACCENTS INTERNATIONAL,<br><br>        Defendants. | Civil Action No.<br><br>CV13-7017 ODW (AGR)<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 2 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT

## JURISDICTION

1. This is an action for preliminary and permanent injunctive relief and damage for federal copyright infringement, under 17 U.S.C. §§ 101 *et seq.*

## NATURE OF THE ACTION

2. GREG YOUNG PUBLISHING, INC. (hereinafter "GYP") brings this action to prevent the continuing and irreparable harm that it is suffering and will continue to suffer due to Defendant SIMON LEVELL's (hereinafter "Levell") willful infringement of the copyright in artwork that was created, registered and owned by artist Scott Westmoreland (hereinafter "Artwork").

3. GYP is an intended third-party beneficiary to the licensing Agreement entered into between Scott Westmoreland and Levell on or about December 21, 2009 (hereinafter the "Agreement"). The Agreement gave Levell a license to sell Scott Westmoreland's Artwork until the license was terminated on March 24, 2011, as a result of Levell's breach. A true and correct copy of the Agreement is attached as Exhibit "A.." Exhibit "A" the Agreement identifies the Artwork at issue here.

4. Levell had breached the Agreement entered into with Scott Westmoreland by failing to provide an accounting of all Artwork sold and failing to pay royalties on all sales of the Artwork.

5. GYP's counsel sent Levell a letter on April 25, 2011 warning Levell of Copyright Act penalties for continued unauthorized use of the Artwork. A true and correct copy of plaintiff's counsel's letter is attached as Exhibit "B."

6. On September 14, 2012, Scott Westmoreland assigned his copyrights in the Artwork to GYP, including the right to enforce such copyrights against infringements. A true and correct copy of that assignment is attached as Exhibit "C."

7. Without GYP's or Scott Westmoreland's permission, Levell continues to "produce, distribute, advertise, and sell" copies of the Artwork in violation of GYP's copyrights and in violation of the Agreement.

## THE PARTIES

8. Greg Young Publishing, Inc. (Plaintiff) is a California corporation domiciled in Santa Barbara, California.  Greg Young is the corporation's president and sole shareholder.

9. Simon Levell (Defendant) is an individual domiciled in Sarasota, Florida and doing business there as "Madison Avenue Furniture International," Madison Avenue Furniture," "Madison Avenue Home Accents International," and "Madison Avenue Furniture and Homes Accents International."

## VENUE

10. Venue is proper in this judicial district pursuant to a Forum Selection Clause contained in the Agreement which governs the sale of the Artwork. The parties agreed to venue for any proceeding arising out of or concerning the Agreement.  Paragraph 12 of the Agreement states, "This agreement and the provisions contained herein shall be governed by and construed under the laws of the State [of] California.  Any lawsuit or other legal proceeding arising out of or concerning this Agreement must be brought only in the State of California and Licensee, by executing this Agreement, specifically consents to venue and jurisdiction in and of those courts for any such proceeding."  A true and correct copy of the Agreement is attached as Exhibit "A."

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. GYP is a publisher, distributor, wholesaler, and licensor of artwork.  GYP conducts business from its Santa Barbara, California office to customers

1    throughout the United States and foreign countries.

2   12.   GYP licenses artwork, that it owns or represents, to its licensees so that

3    the licensees can reproduce and sell the licensed artwork to their

4    customers.

5    ## THE "ARTWORK"

6    ### "Fun in the Sun"

7   13.   Scott Westmoreland painted an original piece of artwork entitled "Fun in

8    the Sun."  A copy of "Fun in the Sun" is attached as Exhibit "D-1."

9   14.   Scott Westmoreland applied to the copyright office and received a

10    certificate of registration for "Fun in the Sun" dated September 6, 2012,

11    and identified as VA0001839589.  Attached as Exhibit "D-2" is a copy of

12    the certificate of registration for "Fun in the Sun."

13   17.   "Fun in the Sun" is part of the licensing Agreement between Levell and

14    Scott Westmoreland.  Exhibit "A" of the Agreement (attached hereto as

15    Exhibit "A").

16   18.   Levell continues to  "produce, distribute, advertise, and sell" copies of "Fun

17    in the Sun" in violation of GYP's copyrights.

18    ### "Surf Shack"

19   19.   Scott Westmoreland painted an original piece of artwork entitled "Surf

20    Shack."  A copy of "Surf Shack" is attached as Exhibit "E-1."

21   20.   Scott Westmoreland applied to the copyright office and received a

22    certificate of registration for "Surf Shack" dated October 29, 2007,  and

23    identified as VA0001631104.  Attached as Exhibit "E-2" is a copy of the

24    certificate of registration for "Surf Shack."

25   21.   "Surf Shack" is part of the licensing Agreement between Levell and Scott

26    Westmoreland.  Exhibit "A" of the Agreement (attached hereto as Exhibit

27    "A").

28

22. Levell continues to "produce, distribute, advertise, and sell" copies of "Surf shack" in violation of GYP's copyrights.

### "Coasting Through"

23. Scott Westmoreland painted an original piece of artwork entitled "Coasting Through." A copy of "Coasting Through" is attached as Exhibit "F-1."

24. Scott Westmoreland applied to the copyright office and received a certificate of registration for "Coasting Through" dated December 2, 2010, and identified as VA0001751648. Attached as Exhibit "F-2" is a copy of the certificate of registration for "Coasting Through."

25. "Coasting Through" is part of the Agreement between Levell and Scott Westmoreland. Exhibit "A" of the Agreement (attached hereto as Exhibit "A".)

26. Levell continues to "produce, distribute, advertise, and sell" copies of "Coasting Through" in violation of GYP's copyrights.

### "G-Day Mate"

27. Scott Westmoreland painted an original piece of artwork entitled "G-Day Mate." A copy of "G-Day Mate" is attached as Exhibit "G1."

28. Scott Westmoreland applied to the copyright office and received a certificate of registration for "G-Day Mate" dated October 29, 2007, and identified as VAu000955134. Attached as Exhibit "G2" is a copy of the certificate of registration for "G-Day Mate."

29. "G-Day Mate" is part of the licensing Agreement between Levell and Scott Westmoreland. Exhibit "A" of the Agreement (attached hereto as Exhibit "A").

30. Levell continues to "produce, distribute, advertise, and sell" copies of "G-

1    Day Mate" in violation of GYP's copyrights.

2    **"Parrot-dise"**

3    31.    Scott Westmoreland painted an original piece of artwork entitled "Parrot-

4            dise."  A copy of "Parrot-dise" is attached as Exhibit "H-1."

5    32.    Scott Westmoreland applied to the copyright office and received a

6            certificate of registration for "Parrot-dise" dated September 26, 2011, and

7            identified as

8            VA0001790804.  Attached as Exhibit "H-2" is a copy of the certificate of

9            registration for "Parrot-dise."

10   33.    "Parrot-dise" is part of the licensing Agreement between Levell and Scott

11           Westmoreland.  Exhibit "A" of the Agreement (attached hereto as Exhibit

12           "A").   "Parrot-dise" is listed on Exhibit "A" of the Agreement and mis-

13           identified as "Parrot Dice."

14   34.    Levell continues to "produce, distribute, advertise, and sell" copies of

15           "Parrot-dise" in violation of GYP's copyrights.

16   **"Starting Lineup"**

17   35.    Scott Westmoreland painted an original piece of artwork entitled "Starting

18           Line Up."  A copy of "Starting Line Up" is attached as Exhibit "I-1."

19   36.    Scott Westmoreland applied to the copyright office and received a

20           certificate of registration for "Starting Lineup" dated May 21, 2007, and

21           identified as

22           VA0001416155.  Attached as Exhibit "I-2" is a copy of the certificate of

23           registration for "Starting Lineup."

24   37.    "Starting Lineup" is part of the licensing Agreement between Levell and

25           Scott Westmoreland.  Exhibit "A" of the Agreement (attached hereto as

26           Exhibit "A").

27   38.    Levell continues to "produce, distribute, advertise, and sell" copies of

28

"Starting Lineup" in violation of GYP's copyrights.

39. "Fun in the Sun," "Surf Shack," "Coasting Through," G'Day Mate," "Parrot-dise," and "Starting Line Up" are referred collectively herein as the Artwork.

## COUNT 1

### (Copyright Infringement)

40. GYP incorporates the prior paragraphs by reference as though fully set forth herein.

41. GYP owns all title and interest in the copyrights of the Artwork that have been publicly displayed, reproduced, and sold by Levell.

42. The Artwork are original copyrightable 2D works created by Scott Westmoreland, who has complied in all respects with 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights in these works. On September 14, 2012, Scott Westmoreland assigned his rights to enforce his copyrights to the subject Artwork, to GYP, including the right to enforce such copyrights against infringements. A true and correct copy of the assignment is attached as Exhibit "C."

43. Levell has willfully, intentionally, and deliberately infringed the copyrights of the Artwork by unlawfully publicly displaying, reproducing, and selling copies of these works in violation of the Unites States Copyright Act, 17 U.S.C. § 501, *et seq.* and to this day continues to do so.

44. On April 25, 2011 Levell was notified that he was infringing the copyrights in Scott Westmoreland's Artwork and ordered to immediately cease and desist offering, selling, distributing, and publicly displaying the Artwork by Scott Westmoreland. Exhibit "C."

45. Levell's infringements were and are willful, and executed with full knowledge of GYP's copyrights, and in conscious disregard for GYP's exclusive rights in the protected artwork.

46. GYP is entitled to recover Levell's profits, or at GYP's election, statutory damages in accordance with 17 U.S.C. § 504.

47. Levell's deliberate infringement of GYP's copyrights has greatly and irreparably damaged GYP, and Levell will continue to damage GYP greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, GYP will have no adequate remedy at law.  Accordingly, GYP is entitled to a temporary and final injunction in accordance with 17 U.S.C. § 502.

48. GYP is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

## COUNT II

### (Breach of Contract Under California Civil Code § 3300)

49. GYP incorporates the prior paragraphs by reference as though fully set forth herein.

50. This action is subject to the provisions of California Civil Code § 3300.

51. On or about December 21, 2009, at Los Angeles, California, Scott Westmoreland and Levell entered into the Agreement to govern the licensed use of the Artwork, a copy of which is attached as Exhibit "A."

52. Scott Westmoreland and GYP have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Agreement.

53. On or about February 16, 2011, Levell breached the Agreement by failing to provide an accurate accounting of all sales of the Artwork and by failing to make payments to Scott Westmoreland on all sales of the subject Artwork.

54. As a result of Levell's breach of the Agreement, GYP has been damaged in an amount that will be proven at trial.

## PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, GYP prays for judgment on all counts as follows:

1. Judgment in favor of GYP and against Levell on Counts I and II;

2. An Order that preliminarily restrains and a Final Order that permanently enjoins Levell, and his officers, agents, representatives, employees, attorneys, affiliates and all other persons acting in concert with any of them, from reproducing, creating derivative works from,  publicly displaying, or selling; "Fun in the Sun," "Surf Shack," "Coasting Through," "G'Day Mate," "Parrot-dise," and "Starting Line Up;"

3. An Order that requires Levell, and his officers, agents, representatives, employees, attorneys, affiliates and all persons acting in concert with any of them, to delete all images depicting "Fun in the Sun," "Surf Shack," "Coasting Through," "G'Day Mate," "Parrot-dise," and "Starting Line Up" from their computers, web servers and catalogues;

4. An Order that requires Levell to account for any profits realized by him from the sale of the Artwork listed in Exhibit "A" to the Agreement that was entered into between Scott Westmoreland and Levell (attached hereto as Exhibit "A");

5. An Order that requires Levell to pay his profits to GYP, or, at GYP's election statutory damages as provided under 17 U.S.C. § 504;

6. An Order multiplying the amount of the damages awarded to GYP as permitted by law;

7. An Order requiring Levell to file with this court within 30 days after the entry of final judgment a written statement, under oath, setting forth in detail the manner in which he has complied with the Order;

8. An Order awarding GYP pre- and post-judgment interest on the money

1    damages;

2  9.    An Order that Levell pay GYP for the costs of the action and GYP's

3        reasonable attorneys' fees;

4  10.   An Order that requires Levell, his officers, agents, representatives,

5        employees, attorneys, and all persons acting in concert with any of them,

6        to deliver up customer lists containing names, addresses, and telephone

7        numbers for each custorner who has purchased or otherwise received

8        copies of "Fun in the Sun," "Surf Shack," "Coasting Through," "G'Day

9        Mate," "Parrot-dise," and "Starting Line Up"; and

10 11.   An Order granting GYP such other and further relief as this Court deems

11       equitable and proper.

12                    **<u>DEMAND FOR JURY TRIAL</u>**

13       GYP requests a trial by jury on all claims so triable.

14

15                            Respectfully submitted,

16

17 Dated: September 18, 2013        LAW OFFICES OF JEFFREY YOUNG

18

19                          By: _____

20                          Jeffrey S. Young, SB# 172016
                            LAW OFFICES OF JEFFREY S. YOUNG
21                          1307 State Street, 1st Floor
                            Santa Barbara, CA 93101
22                          jeff@jeffreyyounglaw.com
                            805 884-0338 (phone)
23                          805 884-0799 (fax)

24                          Attorney for Plaintiff Greg Young Publishing, Inc.

25

26

27

28

## LICENSING AGREEMENT

THIS LICENSE AGREEMENT (hereinafter the "Agreement") is made and entered into this the 7th day of July, 2009 (hereinafter referred to as the "Effective Date") by and between Scott Westmoreland, with his principal place of business at 541 South Paseo de Luna, Anaheim, California 92807 (hereinafter referred to as "WESTMORELAND") and Madison Avenue Home Accents International, a Florida Corporation with its principal place of business at 1227 Hardin Avenue, Sarasota, Florida 34243 (hereinafter referred to as "Licensee").

WITNESSETH:

WHEREAS, Parties recognize that Greg Young Publishing is the exclusive licensing agent for WESTMORELAND and its agency is coupled with an interest (hereinafter referred to as "GYP") and

WHEREAS, WESTMORELAND owns and possesses all copyrights of said images and has duty to defend all actions concerning said copyright infringement and

WHEREAS, Licensee desires to produce certain products using the images as described on Exhibit "A" (collectively referred to as "Products").

NOW THEREFORE, for and in consideration of the mutual covenants and conditions contained herein, and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the parties agree as follows:

1. <u>LICENSE</u>.  WESTMORELAND hereby grants to Licensee the exclusive right per image and license within the United States and internationally, for a period of two (2) years from the effective date to produce, distribute, advertise, and sell the Products as are set out specifically on Exhibit "A".

2. <u>SPECIFIC APPROVAL OF ALL WORK</u>.  Whenever possible prior to the mass production of the Products, WESTMORELAND shall have the right to inspect and approve all Products, in order to assure the integrity of the design.  In that regard, Licensee shall provide GYP one pre-production copy of each Product Licensee desires to market to the following address:  27 W. Anapamu Street, #175, Santa Barbara, CA 93101.  GYP will then forward said Product to WESTMORELAND for final approval who then has five (5) business days from the date of receipt of Product to approve same or make changes which she deems reasonable and necessary.  Licensee shall not release any Product without securing prior approval from WESTMORELAND.

3. <u>PAYMENTS</u>.  Licensee shall make all payments due under this agreement (and for any products covered by this agreement if subsequently covered by a different agreement) during the term of this agreement and during any renewals, extensions or option periods to GYP, unless notified in writing by GYP to send to them to a different location or entity. GYP will be responsible for forwarding to WESTMORELAND her share of the proceeds.  Licensee's payment obligation shall be deemed fulfilled upon receipt by GYP of the payments require to be paid to WESTMORELAND under this agreement. The payments are as follows:

EXHIBIT 'A'

a.  A non-refundable royalty of six percent (6%) of net sales. Net sales are defined as gross sales of the Product reduced by reasonable and customary trade volume discounts and actual returns. All royalty shall be deemed accrued when the Product is shipped, sold or invoiced (whichever occurs first), with payment therefore being made within thirty (30) days of the calendar quarter end.

b.  All royalties and advance payments shall be made payable directly to Greg Young Publishing and sent to the following address: PO Box 2487, Santa Barbara, CA 93120.

3.  <u>AGREEMENT OF LICENSEE</u>: Licensee shall:

a.  Provide with each payment quarterly reports reflecting the quantities sold of each product and the total price owed to Licensee. If GYP has not received any payment as required by this agreement as provided, a monthly service charge of one-and-a-half percent (1.5%) compounded shall accrue thereon and become due and owing from the date on which such royalty payment became due and owing until the date payment is received by GYP.

b.  Agree to keep complete and accurate books and records relating to the sale and other distribution of each of the Licensed Products. WESTMORELAND or its representative shall be permitted to review, examine and copy records, files and books of account relating to the sales of the Licensed Products upon fourteen (14) days' prior notice. Any discrepancies between the royalties received and the royalties due will be subject to the royalty payment and service charges as set forth herein and paid immediately. If the audit discloses an underpayment of more than 5%, Licensee shall reimburse WESTMORELAND for all the costs of said audit.

c.  Use best efforts to sell and market the Product and timely introduce new product lines. Upon request, GYP shall furnish from time to time to Licensee a list of images available which shall also include new designs. Licensee shall use its best efforts to sell and market Product incorporating new designs each season and/or year.

d.  Agree that the Licensed Products shall be of the highest standard and quality, of such style and appearance as to be best suited to the exploitation of their best advantage and to the protection and enhancement of WESTMORELAND'S reputation. The Licensed Products shall be manufactured, sold, and distributed in accordance with all applicable international treaties and agreements, and all national, state, and local laws. Copyright notices in artist's name and a credit line for GYP shall appear on all products as well as packaging, as follows: ©Scott Westmoreland, Licensed by Greg Young Publishing.

EXHIBIT 'A'

12

    e.   Agree that ownership of all copyrights shall remain and be the exclusive property of Scott Westmoreland.

    f.   Provide, without cost to WESTMORELAND, two (2) samples of each Product simultaneously with the initial commercial distribution thereof to be sent to GYP at the following address: 27 W. Anapamu Street, #175, Santa Barbara, CA 93101.

    g.   Produce Products described herein within six (6) months following the execution of this agreement or forfeit all rights to use the design.

5.  LIMITATION OF LIABILITY.  WESTMORELAND represents to Licensee that the images are the exclusive and original creations of Scott Westmoreland and that Scott Westmoreland has the full power to license this right of reproduction to Licensee. WESTMORELAND shall indemnify and hold Licensee harmless against any and all claims, suits, damages and expenses relating to the origination of and rights to the images or resulting from any breach of the representation set forth in the first sentence of this paragraph. Licensee shall indemnify and hold WESTMORELAND harmless from any and all product liability claims, suits, damages and expenses arising out of the manufacture and distribution of products, which utilize the images.

Should WESTMORELAND not actively pursue an alleged infringement of copyright, Licensee shall have the right to enforce said copyright, being solely responsible for the costs and fees associated with same, and shall have the right to all benefit derived from such enforcement action. Should WESTMORELAND not commence steps to enforce its copyrights within 30 days of discovering such infringement, and should Licensee pursue enforcement of said copyright; then WESTMORELAND agrees to cooperate with Licensee in providing information, relevant witnesses and relevant materials to Licensee at the sole expense of Licensee.

Both parties acknowledge that GYP is acting solely in an agency capacity and shall not be liable to either party for the action and/or breaches of the other party.

6.  TERMINATION OF AGREEMENT.  This Agreement may be terminated by either party upon the occurrence of any of the following:

    a.   Immediately, following a continued breach of any term, covenant or condition of this Agreement, after written notice of default has been provided and a period of thirty (30) days has elapsed during which said default has not been corrected.

    b.   The insolvency of Licensee or the filing of a petition in bankruptcy (voluntary or involuntary) or proceeding to liquidate assets.

    c.   Cessation of business by Licensee.

The Termination of this Agreement for any reason shall not release Licensee from its obligation to pay all sums due to WESTMORELAND prior to the date of termination.

EXHIBIT 'A'

13

7. <u>SELL-OFF RIGHT</u>.

    a. If the agreement was not terminated for breach by Licensee and if at the termination of this agreement Licensee is current on all sums owed then any products manufactured by Licensee hereunder and which are in inventory when notice of cancellation or termination of the License Agreement is given by either party, may be distributed by Licensee for a period of three (3) months provided that Licensee shall be liable for payment of all royalties thereon in the same manner and to the same extent as set forth herein.

    b. At the beginning of the sell off period, any goods, in inventory and/or not sold shall be offered to WESTMORELAND to purchase at cost plus ten percent (10%). If no agreement is reached as to a purchase, then all goods sold during this sell off period shall not be sold for less than 80% of the highest wholesale or retail price (as applicable) for which the goods were offered during the term of the contract.

    c. Licensee shall have no right to manufacture any additional Products after giving or receiving notice of cancellation of this License Agreement. Upon termination of this License Agreement for whatever reason, or the expiration of any sell-off period provided above, Licensee shall immediately return to GYP all transparencies and/or digital files or reproductions in any other format from which any of the licensed images or names can be perceived or produced. In the event of destruction, Licensee shall furnish to GYP a certificate of such destruction and GYP shall have the right, at its option, to have a representative selected by it observe any such destruction.

    d. In order to provide WESTMORELAND with continuity of sales of Products licensed hereunder upon the termination of this License Agreement, GYP shall have the right to authorize another person or firm to manufacture, show, solicit and receive orders for such Products from a time beginning two months prior to the expiration of this License Agreement or from the time that notice is given by either party terminating this License Agreement, whichever is sooner.

8. <u>RELATIONSHIP OF PARTIES</u>. The relationship of the parties is solely that of licensor and licensee. The Agreement is not intended to and shall not be construed as creating any agency, joint venture, partnership or other relationship between the parties.

9. <u>WAIVER</u>. The failure of either party to enforce the performance by the other party of any provision of this Agreement at any time, shall not be deemed to be a waiver of performance by the other party or of any other provision of this Agreement unless so stated in a signed, written waiver.

EXHIBIT 'A'<br>14

10.  FORCE MAJEURE.  Neither party shall be held liable or deemed in default under this Agreement if prevented from performance of its obligations by reason of force majeure or other contingencies beyond its control, including but not limited to strikes, fires, earthquakes, wars, restraints affecting shipping or other transportation, natural calamities, or acts of any government or supranational legal authority; provided, however, that the provisions of this paragraph shall not excuse Licensee from any of its obligations to make payment under this Agreement.

11.  NOTICE.  Any notice under this Agreement shall be in writing and deemed given when placed in the United States mail, postage prepaid, next day delivery or transmitted by Federal Express, or facsimile transmission to the other party at the address specified below:

As to Licensee:          Madison Avenue Home Accents International
                         1227 Hardin Avenue
                         Sarasota, FL 34243
                         Fax Number: 941-355-3186

As to WESTMORELAND:      Scott Westmoreland
                         541 South Paseo de Luna
                         Anaheim, CA 92807

                         And to:
                         Greg Young Publishing.
                         PO Box 2487
                         Santa Barbara, CA 93120
                         Fax Number: 805-964-5683

12.  GOVERNING LAW.  This Agreement and the provisions contained herein shall be governed by and construed under the laws of the State California.  Any lawsuit or other legal proceeding arising out of or concerning this Agreement must be brought only in the State of California and Licensee, by executing this Agreement, specifically consents to venue and jurisdiction in and of those courts for any such proceeding.

13.  ASSIGNMENT.  This Agreement may be assigned or transferred in full or in part by WESTMORELAND at any time without permission of Licensee.  Licensee shall have no right to assign or transfer all or any part of this Agreement without the prior written consent of WESTMORELAND, which shall not be unreasonably withheld.  There shall be no sublicensing of any of the distributing, marketing, or sales rights granted herein without the prior written consent of WESTMORELAND.

14.  ALTERNATE DISPUTE RESOLUTION.  Except for disputes between the parties which would entitle either party to seek injunctive relief, the parties to this agreement agree that in the event that a dispute arises between them relating to this License Agreement:  (a) to conduct a mediation regarding the dispute, to be attended by representatives of the parties with decision-making authority, to attempt in good faith to negotiate a mutually acceptable resolution

EXHIBIT 'A'

15

of the dispute, (b) if, within thirty (30) days after the first day of such meeting the parties have not successfully concluded a resolution, then the parties shall promptly arbitrate the dispute in Orange County, CA. The arbitration order shall be binding on the parties and enforceable in a court of law.

15.   ENTIRE AGREEMENT.   This Agreement sets forth the entire agreement and understanding of the parties relating to the subject matter contained herein and merges all prior discussions between them as to it. Any modification or amendment to this Agreement shall be effective only after it has been reduced to writing and executed by an authorized representative of each party. The recital clause set forth above shall be deemed binding and enforceable sections of this contract. The parties recognize that GYP is a third party beneficiary of this agreement.

IN WITNESS WHEREOF, the undersigned have set their hands and seals the date first above written.

SCOTT WESTMORELAND

By: _____
Scott Westmoreland
Artist

MADISON AVENUE HOME ACCENTS
INTERNATIONAL

By _____
Simon Levell
Licensee

MADISON AVENUE FURNITURE
1227 HARDIN AVENUE
SARASOTA, FL 34243
PH: 941 355-2677
FAX: 941 355-3186

2/01/09

EXHIBIT 'A'

16

EXHIBIT "A"

Images under License with Madison Avenue Home Accents International

| Image | Product |
|---|---|
| | |
| SW3 - Fun in the Sun | Canvas Giclee – MAI CV240 – 40" x 30" |
| SW28 - Surf Shack | Canvas Giclee – MAI CV141 – 24" x 40" |
| | Canvas Giclee – MAI CV140 – 24" x 40" |
| SW4 - Coasting Through | Canvas Giclee – MAI CV242 – 48" x 24" |
| SW49 - G'Day Mate | Canvas Giclee – MAI CV244 – 48" x 24" |
| SW14 - Parrot Dice | Canvas Giclee – MAI CV243 – 18" x 30" |
| SW47 - Starting Line Up | Canvas Giclee – MAI CV241 – 48" x 24" |

SCOTT WESTMORELAND

By _____
Scott Westmoreland,
Artist

Dated _____12/21/09_____

MADISON AVENUE HOME ACCENTS
INTERNATIONAL

By _____
Simon Levell
Licensee

Dated _____12/01/09_____

MADISON AVENUE FURNITURE
1227 HARDIN AVENUE
SARASOTA, FL 34243
PH: 941 355-2677
FAX: 941 355-3186

EXHIBIT 'A'

17

# JASON A. AQUILINO
## ATTORNEY AND COUNSELOR AT LAW

2122 Tayside Xing NW, Kennesaw, GA 30152
404-201-3417
855-217-5835 (fax)
jason@aquilino.us

April 25, 2011

*Sent Via Facsimile*: 941-355-3186

Mr. Simon Levell
Madison Avenue Home Accents International
1227 Hardin Avenue
Sarasota, FL 34243

Dear Mr. Levell,

I am writing on behalf of Greg Young Publishing, Inc. ("GYP") regarding the Licensing Agreement (the "Agreement") between your company, Madison Avenue Home Accents International ("MAHAI"), and Scott Westmoreland.   As you know, GYP is the exclusive licensing agent of Mr. Westmoreland.

On February 22, 2011, you received a certified letter (dated 2/16/11) from GYP providing you with written notice that MAHAI had 30 days to correct a breach of the overdue payment obligations under the Agreement. As of today, MAHAI has yet to pay the Q3 2010 and Q4 2010 royalties it owes to GYP.  Consequently, the Agreement automatically terminated on March 24, 2011, pursuant to Section 6.a.

At the moment, GYP holds legal claims against MAHAI for not only the past due royalty payments and the 1.5% monthly interest thereon, but also for copyright infringement on at least six (6) registered works due to the fact that MAHAI is still offering the works for sale after the license to do so terminated.   The Copyright Act provides GYP/Mr. Westmoreland with the right to collect statutory attorney's fees and statutory damages up to $150,000 per infringement.

You are hereby ordered to immediately cease and desist offering, selling, distributing, and publicly displaying (including through MAHAI's online catalogs) any works by Scott Westmoreland.  Because the Agreement was terminated due to MAHAI's breach, the sell-off rights under Section 7 of the Agreement are no longer available.  MAHAI must immediately return to GYP all transparencies and/or digital files or reproductions in any other format from which any of the licensed images or names can be perceived or produced.

# EXHIBIT 'B'
18

Furthermore, by April 27th MAHAI must provide GYP with a full written report of all sales of the licensed works that have occurred between July 1, 2010 and April 27, 2011. This report should be emailed to gyplicensing@yahoo.com, with a CC: to greg@gregyoungpublishing.com and Jason@aquilino.us. By May 2, 2011, you must have submitted the proper payment for ALL royalties due under the Agreement, including a 1.5% interest fee for 6 months on the Q3 2010 royalties, and a 1.5% interest fee for 3 months on the Q4 2010 royalties. Finally, GYP is requesting an additional $150 to help cover its collection efforts to date.

Any further failure to cooperate with the demands of GYP will only lead to it filing suit against MAHAI in the state of California for not only the overdue payments but also for the infringement claims cited above.

I thank you in advance for your cooperation. I look forward to your full cooperation in this matter.

Sincerely,

Jason Aquilino

Cc: Greg Young Publishing, Inc.

EXHIBIT 'B'

## COPYRIGHT ASSIGNMENT AGREEMENT

This COPYRIGHT ASSIGNMENT AGREEMENT ("**Copyright Assignment**"), effective as of September 14, 2012, is made by Scott Westmoreland ("**Artist**"), a California resident located at ~~5411 5. PASEO DE LUNA~~ ~~ANAHEIM, CA~~ , in favor of Greg Young Publishing, Inc. ("**Publisher**"), a California corporation, having an address of PO Box 2487, Santa Barbara, CA 93120, the purchaser of certain assets of Artist pursuant to the Asset Purchase Agreement between Publisher and Artist, dated as of May 29, 2013 (the "**Asset Purchase Agreement**").

WHEREAS, under the terms of the Asset Purchase Agreement, Artist has conveyed, transferred and assigned to Publisher, among other assets, certain intellectual property of Artist, and has agreed to execute and deliver this Copyright Assignment, for recording with governmental authorities including, but not limited to, the US Copyright Office;

NOW THEREFORE, the parties agree as follows:

1.      Assignment. In consideration for the execution of the Asset Purchase Agreement, the payment of the consideration stipulated in the Asset Purchase Agreement and other good and valuable consideration, the receipt and sufficiency are hereby acknowledged, Artist hereby irrevocably conveys, transfers and assigns to Publisher, and Publisher hereby accepts, all of Artist's right, title and interest in and to the following (the "**Assigned Copyrights**"):

(a)      the copyright registrations, and applications for registration and exclusive copyright licenses set forth in Schedule 1 hereto and all issuances, extensions and renewals thereof;

(b)      all rights of any kind whatsoever of Artist accruing under any of the foregoing provided by applicable law of any jurisdiction, by international treaties and conventions and otherwise throughout the world;

(c)      any and all royalties, fees, income, payments and other proceeds now or hereafter due or payable with respect to any and all of the foregoing; and

(d)      any and all claims and causes of action, with respect to any of the foregoing, whether accruing before, on and/or after the date hereof, including all rights to and claims for damages, restitution and injunctive and other legal and equitable relief for past, present and future infringement, misappropriation, violation, misuse, breach or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

2.      Recordation and Further Actions. Artist authorizes the Register of Copyrights and any other governmental officials to record and register this Copyright Assignment upon request by Publisher. Artist shall take such steps and actions following the date hereof, including the execution of any documents, files, registrations, or other similar items, to ensure that the Assigned Copyrights are properly assigned to Publisher, or any assignee or successor thereto.

3.      Terms of the Asset Purchase Agreement. The terms of the Asset Purchase Agreement, including, but not limited to, the representations, warranties, covenants, agreements and indemnities relating to the Assigned Copyrights are incorporated herein by this reference. The parties hereto acknowledge and agree that the representations,

warranties, covenants, agreements and indemnities contained in the Asset Purchase Agreement shall not be superseded hereby but shall remain in full force and effect to the full extent provided therein. In the event of any conflict or inconsistency between the terms of the Asset Purchase Agreement and the terms hereof, the terms of the Asset Purchase Agreement shall govern.

4.      Counterparts. This Copyright Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Copyright Assignment delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Copyright Assignment.

5.      Successors and Assigns. This Copyright Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

6.      Governing Law. This Copyright Assignment and any claim, controversy, dispute or cause of action (whether in contract, tort or otherwise) based upon, arising out of or relating to this Copyright Assignment and the transactions contemplated hereby shall be governed by, and construed in accordance with, the laws of the United States and the State of California, without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction).

**IN WITNESS WHEREOF**, Artist has duly executed and delivered this Copyright Assignment as of the date first above written.

**Scott Westmoreland**

By: _____

Scott Westmoreland

**AGREED TO AND ACCEPTED:**          **Greg Young Publishing, Inc.**

By: _____

Name: Greg Young

Title: President

# EXHIBIT 'C'

SCHEDULE 1

**ASSIGNED COPYRIGHT REGISTRATIONS AND APPLICATIONS**

REGISTRATION NUMBER / DATE:    VA0001631104 / 2007-10-29
TITLE:    SURF SHACK
DATE OF PUBLICATION:    2006-03-01


REGISTRATION DATE:    2012-09-06
TITLE:    FUN IN THE SUN.
DATE OF CREATION:    2007


REGISTRATION NUMBER / DATE:    VA0001790804 / 2011-09-26
APPLICATION TITLE:    PARROT-DISE.
DATE OF PUBLICATION:    2003-01-15


REGISTRATION NUMBER / DATE:    VAU000955134 / 2007-10-29
TITLE:    G'DAY MATE.
DATE OF CREATION:    2002


REGISTRATION NUMBER / DATE:    VA0001416155 / 2007-05-21
TITLE:    STARTING LINEUP.
DATE OF PUBLICATION:    2003-07-01


REGISTRATION NUMBER / DATE:    VA0001751648 / 2010-12-02
TITLE:    COASTING THROUGH-SW4
DATE OF CREATION:    2010

EXHIBIT 'C'



VAOOO1839589

"Fun In The Sun"

EXHIBIT 'D-1'



| Help | Search | History | Titles | Start Over |

---

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (westmoreland, Scott)[ in Name: Claimant ]
Search Results: Displaying 8 of 28 entries

◀ previous     next ▶

---



### *Fun In the Sun.*

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001839589 / 2012-09-06 |
| **Application Title:** | Fun In the Sun. |
| **Title:** | Fun In the Sun. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Scott David Westmoreland, 1964- . Address: 541 S. Paseo de Luna, Anaheim, CA, 92807, United States. |
| **Date of Creation:** | 2007 |
| **Date of Publication:** | 2007-01-13 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Scott David Westmoreland, 1964- ; Domicile: United States; Citizenship: United States. Authorship: 2-D artwork. |
| **Names:** | Westmoreland, Scott David, 1964- |

◀ previous     next ▶

---

| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ▾ | Format for Print/Save ▾ |
| Enter your email address: | | Email |

---

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page



VA0001631104

"Surf Shack"



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (westmoreland, Scott)[ in Keyword Anywhere ]
Search Results: Displaying 31 of 37 entries



*"Surf Shack".*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001631104 / 2007-10-29 |
| **Application Title:** | SURF SHACK. |
| **Title:** | "Surf Shack". |
| **Description:** | Print of painting. |
| **Copyright Claimant:** | Scott Westmoreland, 1964- . Address: 541 S. Paseo De Luna, Anaheim, CA, 92807 |
| **Date of Creation:** | 2006 |
| **Date of Publication:** | 2006-03-01 |
| **Authorship on Application:** | Scott Westmoreland, 1964- ; Citizenship: United States. Authorship: 2-Dimensional artwork. |
| **Names:** | Westmoreland, Scott, 1964- |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format  Full Record    Format for Print/Save |
| Enter your email address:     Email |

---

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page

EXHIBIT 'E-2'

26



VAOOO1751648

"Coasting Through"



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = westmoreland, scott
Search Results: Displaying 27 of 30 entries



**Labeled View**

### *Palisades Picnic-SW9, et al.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001751648 / 2010-12-02 |
| **Application Title:** | Palisades Picnic-SW9, et al. |
| **Title:** | Palisades Picnic-SW9, et al. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Scott David Westmoreland. Address: 541 S Paseo de Luna, Anaheim, CA, 92807, United States. |
| **Date of Creation:** | 2010 |
| **Date of Publication:** | 2010-01-15 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Scott David Westmoreland; Domicile: United States; Citizenship: United States. Authorship: 2-D artwork. |
| **Contents:** | Palisades Picnic-SW9 -- Coasting Through-SW4 -- Our Gang-SW23 -- Brellas and Boards-SW77 -- Made in the Shade-SW71 -- Surf, Sand, Summer-SW26 -- Group Hug-SW29. |
| **Names:** | Westmoreland, Scott David |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

---

Help  Search  History  Titles  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright
Copyright Office Home Page | Library of Congress Home Page

EXHIBIT 'F-2'



# VAu000955134

## "G'Day Mate"



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (westmoreland, Scott)[ in Name: Claimant ]
Search Results: Displaying 9 of 28 entries



**Labeled View**

*G'Day Mate.*

| | |
|---:|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VAu000955134 / 2007-10-29 |
| **Application Title:** | G'Day Mate. |
| **Title:** | G'Day Mate. |
| **Description:** | Color print, 1p. |
| **Copyright Claimant:** | Scott Westmoreland, 1964- . Address: 541 S. Paseo De Luna, Anaheim, CA, 92807 |
| **Date of Creation:** | 2002 |
| **Authorship on Application:** | Scott Westmoreland, 1964- ; Citizenship: United States. Authorship: 2-Dimensional artwork. |
| **Names:** | Westmoreland, Scott, 1964- |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ⌄ | Format for Print/Save |
| Enter your email address: | | Email |

---

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page

EXHIBIT 'G-2'
30



VAOOO1790804

"Parrot-dise"

EXHIBIT 'H-1'



**Public Catalog**

Copyright Catalog (1978 to present)
Search Request: Builder = (westmoreland, Scott)[ in Name: Claimant ]
Search Results: Displaying 16 of 28 entries



Labeled View

*Parrot-dise, et al.*

|   |   |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001790804 / 2011-09-26 |
| **Application Title:** | Parrot-dise. |
| **Title:** | Parrot-dise, et al. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Scott David Westmoreland. Address: 541 S. Paseo de Luna, Anaheim, CA, 92807, United States. |
| **Date of Creation:** | 2003 |
| **Date of Publication:** | 2003-01-15 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Scott David Westmoreland; Domicile: United States; Citizenship: United States. Authorship: 2-D artwork. |
| **Rights and Permissions:** | Scott David Westmoreland, (714) 401-3280, scottfineart@sbcglobal.net |
| **Contents:** | Parrot-dise -- Diamond Regatta -- Wait Your Turn -- Old Friends -- King's Beach -- Pelican Perch -- Break Time -- Warm Weather Gear -- Journeys. |
| **Names:** | Westmoreland, Scott David |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ⬍ | Format for Print/Save |
| Enter your email address: | | Email |

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



# VAOOO1416155

## "Starting lineup"

### EXHIBIT 'I-1'



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (westmoreland, Scott)[ in Name: Claimant ]
Search Results: Displaying 19 of 28 entries



**Labeled View**

*Starting lineup.*

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001416155 / 2007-05-21 |
| **Title:** | Starting lineup. |
| **Description:** | Reproduction of painting. |
| **Copyright Claimant:** | Scott Westmoreland, 1964-. |
| **Date of Creation:** | 2003 |
| **Date of Publication:** | 2003-07-01 |
| **Copyright Note:** | Cataloged from appl. only. |
| **Names:** | Westmoreland, Scott, 1964-. |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ⬍ | Format for Print/Save |
| Enter your email address: | | Email |

---

Help  Search  History  Titles  Start Over

---

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

EXHIBIT 'I-2'

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Otis D. Wright II_____ and the assigned Magistrate Judge is _____Alicia G. Rosenberg_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV7017 ODW AGRx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____September 23, 2013_____
Date

By _J.Prado_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

Jeffrey S. Young, SBN 172016
(jeff@jeffreyyounglaw.com)
Law Office of Jeffrey S. Young
1307 State Street, 1st Floor
Santa Barbara, CA 93101
 Tel: 805/884-0338; Fax: 805/884-0799

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Greg Young Publishing, Inc. *a corporation* <br><br><br> PLAINTIFF(S) <br><br> v. <br><br> Simon Levell, an individual, doing business as, SEE ATTACHMENT "A" <br><br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV13-7017** ODW(AGRx) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jeffrey S. Young_____, whose address is _1307 State Street, 1st Fl., Santa Barbara, CA  93101_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                                   Clerk, U.S. District Court

        Dated: SEP 2 3 2013                        By: _____
                                                        Deputy Clerk

                                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    **SUMMONS**

Greg Young Publishing, Inc. v Simon Levell, et al.

Attachment "A" to Summons

SIMON LEVELL, an individual, doing business as MADISON AVENUE FURNITURE

INTERNATIONAL, MADISON AVENUE FURNITURE, MADISON AVENUE HOME ACCENTS

INTERNATIONAL, and MADISON AVENUE FURNITURE AND HOME ACCENTS

INTERNATIONAL,

                                    Defendants.

---

Summons - Attachment "A"

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Greg Young Publishing, Inc.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Office of Jeffrey S. Young
1307 State Street, 1st Floor
Santa Barbara, CA 93101
Tel: 805/884-0338

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** statutory & injunction

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
U.S. Civil Statute: 17 U.S.C. 101, et seq.
Copyright infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-7017**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**                    DATE:   September 17, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |